UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JOSE MANUEL CAZARES
CONTRERAS,

    Defendant.

Case No. 2:07-CR-0222(1)
CHIEF JUDGE EDMUND A. SARGUS, JR.

## OPINION & ORDER

This matter is before the Court on Defendant Jose Manual Cazares Contreras' *Motion to Reduce Sentence Pursuant to Amendment 782, 18 U.S.C. § 3582(c)(2)* (ECF Nos. 77, 78), and the United States' Response in Opposition (ECF No. 80). On June 6, 2008, after pleading guilty to Count 1 for conspiring to possess with intent to distribute more than 1 kilogram of heroin and Count 2 for conspiring to distribute heroin which resulted in death, Defendant was sentenced to a total of 120 months for Count 1 to run concurrently with 180 months for Count 2.

Defendant is seeking a reduction in his sentence pursuant to Guideline Amendment 782, which reduced by two levels the offense levels assigned to the drug quantities set forth in §2D1.1 of the United States Sentencing Guidelines ("U.S.S.G"), as well as parallel changes for the listed chemicals found in §2D1.11, as set forth in policy statement § 1B1.10. Defendants who are currently imprisoned for these drug offenses are eligible for retroactive application of the guidelines as long as they meet certain eligibility criteria. Defendant argues that he is eligible for the retroactive application of Amendment 782 and asks the Court to apply the new amendment to reduce his term of imprisonment.

Defendant is not eligible for a sentence reduction under Amendment 782 with respect to

Count 1 because an amendment to the Guidelines does not reduce statutory mandatory minimum sentences. "[A] reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c) and is not consistent" with the Sentencing Guidelines policy statement if "the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision." U.S.S.G. § 1B1.10 Application Note 1(A); *see also United States v. Kelley*, 570 F. App'x 525, 531 (6th Cir. 2014) (holding previous amendments to drug quantity table did not apply to reduce statutory mandatory minimum sentence). That "statutory provision" in Count 1 is the statutory mandatory minimum of ten years to which he was sentenced. Because Defendant's sentence is already at the statutory mandatory minimum, his sentence cannot be reduced under Amendment 782. In any event, any reduction to Defendant's 120-month sentence on Count 1 runs would not reduce his concurrent sentence of 180 months for Count 2.

With respect to Count 2 for conspiracy to distribute heroin resulting in serious bodily injury or death, Defendant faced a mandatory minimum sentence of twenty years. The Court granted the Government's motion for a downward departure pursuant to 18 U.S.C. § 3553(e), which reduced the guideline range for that count to 168 to 210 months, upon which the Court imposed a sentence of 180 months. The government contends that the overriding factor in setting the Defendant's guideline range was the enhancement factor due to the death, and not the quantity of heroin pertaining to Count 1. As stated in the presentence report:

> [T]he amount of heroin confiscated by investigators pertaining to Count 1 of the conviction is not the overriding factor that establishes the base offense level in this case. The "guideline is set as a result of a conviction under 21 U.S.C. § 841(b)(1)(C) since death resulted by the criminal actions of the defendant . . . .

(Government's Response in Opposite at 2, ECF No. 80 (citing Presentence Investigation Report

¶ 49).) Thus, because Defendant's guideline range was not determined by the amount of heroin but because of the fact that death resulted from his criminal actions, the Amendment would also not alter his guideline range as to the sentence for this Count.

Consequently, Defendant is not eligible for a reduction of sentence and his motions (ECF Nos. 77, 78) are **DENIED.**

**IT IS SO ORDERED.**

\_\_\_6-14-2017_____
**DATE**            **EDMUND A. SARGUS, JR.**
            **CHIEF UNITED STATES DISTRICT JUDGE**